[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-11395
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 26, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 03-00878-CV-OR-22DAB

JANET VELEZ,
LOURDES QUEZADA,
JENNY SORIA,
MADELINE RIVAS,
NIKESHA WINFIELD,
DIANE HEARD,
KEANNA HAMPTON-ALLEN,

                              Plaintiffs-Appellants,

versus

LEVY WORLD LIMITED PARTNERSHIP,
d.b.a. Fulton's Crab House,

                              Defendant-Appellee.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

-----------------------------------------------------------------

**(May 26, 2006)**

Before EDMONDSON, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Plaintiffs Velez et al. appeal the district court's grant of summary judgment to Defendant Levy World Limited Partnership, owner of Fulton's Crab House, on Plaintiffs' claims of racial discrimination under 42 U.S.C. §§ 1981, 1982, and 2000a, the court's dismissal of Plaintiffs' state law claims of discrimination, and the court's award of costs, under 28 U.S.C. § 1920, to Defendants.  No reversible error has been shown; we affirm.

On 29 March 2003, a Friday night, Plaintiffs, seven members of a group of five Hispanics and four African-Americans, went to Fulton's Crab House for dinner.  They arrived between 9:00 pm and 9:30 pm.  The hostess informed Plaintiffs that there would be an hour wait for dining room seating, but if Plaintiffs could find open seating in the lounge area, they probably would not have to wait as long.  Plaintiffs chose to go to the lounge.

As Plaintiffs entered the lounge, they saw a group of eight[1] Caucasian patrons get up from a table and leave the lounge.  Plaintiffs claimed their table. Plaintiffs did not notice any other racial minorities or parties of a size similar to their own seated in the lounge area.

---

[1]One Plaintiff testified that this party consisted of about eight patrons, but was not definite about the number.  For this analysis, we assume there were eight people.

Only one server, a Caucasian man named Jeff Verberg, was attending to the lounge area. Plaintiffs observed Verberg serving other patrons in the lounge area, but he did not come to Plaintiffs' table to bring them menus or take their orders. After waiting around fifteen to thirty minutes, one Plaintiff left the table to learn who their server was; she learned it was Verberg. After waiting about another fifteen to thirty minutes, a Plaintiff left the table and returned with a busboy, who said that he would find a waiter or manager to come to Plaintiffs' table. After waiting about fifteen to thirty more minutes, a Plaintiff left the table to find the manager on duty.

Another server, Christopher Chalange, told Plaintiffs he would serve their table, apologized for the wait, and took Plaintiffs' drink orders. Chalange returned with Plaintiffs' drinks and the manager on duty. The manager apologized for the wait, told Plaintiffs their first round of drinks was free, and said that someone would take their dinner orders soon.

Plaintiffs say they waited between two and three hours at the restaurant, never placed a dinner order, and finally left the restaurant. Plaintiffs say that they left the restaurant because no one brought them menus and that Chalange suggested alternate, more affordable, restaurants for Plaintiffs to go to. Defendant claims that the waiter returned to Plaintiffs' table; but before he could take their

3

dinner orders, Plaintiffs informed him they had decided not to dine at the restaurant.

Discrimination Claims

We review de novo a district court's grant of summary judgment, viewing all evidence and making all reasonable inferences in the light most favorable to the nonmoving party.  Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999).

The district court granted summary judgment to Defendants because the Plaintiffs could not identify a similarly situated group of Caucasian patrons who were treated better than Plaintiffs.  Thus, Plaintiffs did not establish a prima facie case of accommodations  discrimination.  We agree.

Plaintiffs argue that the group of eight Caucasians Plaintiffs saw leaving the lounge was a similarly situated group and that because restaurants usually serve people promptly and because Fulton's prided itself on "excellent customer service," this Court should infer that the group of eight was served promptly.  But Plaintiffs only saw this group leaving and thus present no evidence that the group was served in a timely fashion.  Although we view all reasonable inferences in the light most favorable to Plaintiffs, given the lack of any evidence about the earlier

4

Caucasian group's service, we cannot make an inference about how promptly the group was served. Therefore, Plaintiffs do not establish this earlier group of Caucasian patrons was a similarly situated group that received better treatment. The district court properly found that Plaintiffs had failed to establish a prima facie case of public accommodations discrimination.

The district court dismissed the state claims for lack of subject matter jurisdiction, based on Plaintiffs' earlier election of an administrative hearing. See Fla. Stat. 760.11(4) (saying civil rights claimant's "exclusive remedy" is the election of either an administrative hearing or a civil action). We find it unnecessary to discuss whether or not the district court had subject matter jurisdiction because Plaintiffs' failure to establish a prima facie federal case of public accommodations discrimination also applies to their state-law claims under Fla. Stat. §§ 509.092, 760.11. See Stevens v. Steak n Shake, Inc., 35 F.Supp.2d 882 (M.D. Fla. 1998) (applying elements of federal Title VII claim to claim under Fla. Stat. § 509.092); The Florida State Univ. v. Sondel, 685 So.2d 923, 925 n.1 (Fla. Dist. Ct. App. 1996) (saying the Florida Civil Rights Act was patterned after Title VII and federal case law interpreting Title VII is applicable to cases arising under the Florida Act). Because Plaintiffs' failed to present a prima facie case of

public accommodations discrimination, we affirm the district court's dismissal of the state claims.

Costs

We review for abuse of discretion a district court's decision to award costs. Mutual Service Ins. Co. v. Frit Industries, Inc., 358 F.3d 1312, 1326 (11th Cir. 2004). Plaintiffs argue that Defendants should not recover costs for court reporter fees and copies because Defendants did not present itemized invoices of their expenses.

The magistrate determined that, although invoices would have been preferable to establish for what the amounts charged for the court reporter's services were used, it was sufficient that the "Declaration on the Bill of Costs submitted includes a statement by counsel, under penalty of perjury, that the costs are correct and that services charged are properly taxable." The district court did not abuse its discretion in adopting this recommendation.

Plaintiffs object to the $1,500.00 in copying costs the district court awarded Defendants because Defendants did not submit invoices of what was copied and how many copies were made. Defendants claimed that over nineteen thousand

6

copies were made for this case, and Plaintiffs objected before the Magistrate that this number was excessive and unsupported. The Magistrate determined that nineteen thousand copies was excessive because that number included multiple copies made for the client; therefore, the Magistrate recommended that the costs award be reduced from the $2,945.23 Defendants requested to $1,500.00 to cover the copies the Magistrate determined were necessary for this case. Plaintiffs' claim that the reduced award is excessive because the factual foundation of the case was not complicated and did not involve "medical records, employment records and/or other documents requested from third parties" does not demonstrate that the district court abused its discretion in adopting this recommendation.

**AFFIRMED.**