[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15049

_____

D. C. Docket No. 03-02288-CV-WBH-1

AMERICAN BREAST CARE, L.P.,

Plaintiff-Counter
Defendant-Appellee,

versus

COLORPLAST CORP.,

Defendant-Third Party
Plaintiff-Counter
Claimant-Appellant,

JOACHIM RECHENBERG,

Third-Party Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 12, 2006)**

Before ANDERSON and BARKETT Circuit Judges, and STROM,* District Judge.

_____
* Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by
designation.

PER CURIAM:

Coloplast Corp. ("Coloplast") appeals from a final judgment of the district court granting summary judgment in favor of defendants American Breast Care, L.P. and Jolly Rechenberg (collectively, "ABC") on Coloplast's tortious interference and Lanham Act claims. After careful review, we affirm.[1]

Coloplast claims that ABC tortiously interfered with various employment contracts when it recruited certain Coloplast employees to leave their jobs and join ABC. In order to establish a claim for tortious interference under Georgia law, "whether asserting interference with contractual relations, business relations, or potential business relations," a plaintiff must prove:

> (1) improper action or wrongful conduct by the defendant <u>without privilege</u>; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.

<u>Disaster Services, Inc. v. ERC Partnership</u>, 492 S.E.2d 526, 528-29 (Ga. Ct. App. 1997) (internal citations omitted) (emphasis added). To satisfy this four-part test, plaintiff must show more than that the defendant simply persuaded a person to break a contract. <u>Sommers Co. v. Moore</u>, 621 S.E.2d 789, 791 (Ga. Ct. App. 2005);

---

[1] We review <u>de novo</u> the district court's grant of summary judgment, applying the same legal standards as the district court. <u>Whalley v. CNA Ins. Co.</u>, 189 F.3d 1310, 1313 (11th Cir. 1999).

Architectural Mfg. Co. v. Airotec, Inc., 116 S.E.2d 744, 746 (Ga. Ct. App. 1969).

The plaintiff must adduce evidence of "improper action or wrongful conduct," which Georgia courts have defined as "constitut[ing] conduct wrongful in itself; thus, improper conduct means wrongful action that generally involves predatory tactics such as physical violence, fraud or misrepresentation, defamation, use of confidential information, abusive civil suits, and unwarranted criminal prosecutions." Sommers, 621 S.E.2d at 791 (quoting Disaster Services, 492 S.E.2d at 529). The district court found no evidence in the record to support the claim that ABC had engaged in this conduct. Having reviewed the record, we find no error in this determination.

We find no basis to reverse the district court's grant of summary judgment in favor of ABC on Coloplast's Lanham Act claims.

AFFIRMED