[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 28, 2006
THOMAS K. KAHN
CLERK

No. 06-11012
Non-Argument Calendar

_____

D. C. Docket No. 02-80548-CV-KLR

STEPHEN SCOTT GREEN,

Plaintiff-Appellant,

versus

T. MOWERY, Captain,
W. GRAHAM, Officer,
WILLIE FLOYD, SR., Warden of Glades C.I.,
in their individual capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 28, 2006)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Stephen S. Green, a Florida prisoner, proceeding pro se, appeals the district

court's grant of summary judgment to defendant T. Mowery (Mowery), Captain of the Department of Corrections (DOC) at Glades Correctional Institution in Florida, in his civil rights action alleging that (1) Mowery retaliated against him after he filed a grievance against another officer in violation of the First Amendment, and (2) he suffered cruel and unusual punishment when he was confined to an extremely hot cell for seven days in violation of the Eighth Amendment.[1] On appeal, Green argues that the district court erred in granting Mowery's motion for summary judgment. Specifically, Green reiterates his First Amendment retaliation claim, and although, he does not explicitly argue that Mowery violated his Eighth Amendment right to be protected against cruel and unusual punishment, we liberally construe his reference to administrative confinement as sufficient to preserve the latter claim as well. Last, Green argues that the district court erred in finding that Mowery was entitled to qualified immunity, and that to afford Mowery qualified immunity results in a manifest injustice.

---

[1] Green's claims against the two other defendants were dismissed for failure to state a claim upon which relief can be granted. Green does not challenge the dismissal of those claims on appeal. Nor does he challenge the dismissal of his pendent state negligence claim. Green also alleged that Mowery violated his Fourteenth Amendment right to equal protection by discriminating against him based on his race. He, however, failed to preserve this issue before the district court and he does not sufficiently raise this issue on appeal. Last, in his amended complaint, Green argued that his Fourth Amendment rights were violated. The magistrate judge's report and the district court's order, however, do not address Green's Fourth Amendment claim, and Green did not object to the magistrate's report in this respect, or challenge this matter on appeal. Accordingly, these issues are waived. See Flanigan's Enterprises, Inc. of Georgia v. Fulton County, Georgia, 242 F.3d 976, 987 n.16 (11th Cir. 2001).

2

We review "de novo a district court's ruling on summary judgment, applying the same legal standards as the district court." Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). "Summary judgment is appropriate only when the evidence before the court demonstrates that 'there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.'" Id. (citation omitted). On a summary judgment motion, the record, and all reasonable inferences that can be drawn from it, must be viewed in the light most favorable to the non-moving party. Whatley v. CNA Ins. Cos., 189 F.3d 1310, 1313 (11th Cir. 1999). Nevertheless, conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000). We may consider the plaintiff's sworn complaint as proof in a challenge to the grant of the defendant's motion for summary judgment. See Washington v. Dugger, 860 F.2d 1018, 1019 (11th Cir. 1988).

In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). Section 1983 requires proof of a causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation.

3

LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal citations and quotations omitted). Thus, the question we must address is whether an official's acts or omissions were the cause of the constitutionally infirm condition.

Retaliation for filing administrative grievances violates the inmate's right of access to the courts and First Amendment right to exercise freedom of speech. Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989). "A prisoner can establish retaliation by demonstrating that the prison official's actions were the result of his having filed a grievance concerning the conditions of his imprisonment." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal quotations omitted).

We look to the Eighth Amendment for claims concerning "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993). The Eighth Amendment applies to a prisoner's claim of inadequate cooling and ventilation, and this Court must look at both the severity and the duration of the prisoner's exposure to excessive conditions to determine whether his rights were violated. Chandler v. Crosby, 379 F.3d 1278, 1294 (11th Cir. 2004). A prisoner's mere discomfort, without more, does not violate his rights under the Eighth Amendment. Id. at 1295.

Upon review of the record, and upon consideration of the briefs of the

parties, we discern no reversible error in the district court's grant of summary judgment to Mowery on Green's First Amendment retaliation claim or on his Eighth Amendment claim. Nor do we find error in the district court's alternative holding granting qualified immunity to Mowery.

The district court did not err by granting summary judgment to Mowery on Green's First Amendment retaliation claim. In his sworn complaint, Green stated that "retaliation occurred because of past complaints [he] filed." Aside from the grievance Green filed on July 11, 2000 against another officer, for a incident involving the use of a telephone, he did not identify any grievances he had filed before July 11 against Mowery. With respect to this particular grievance, however, Green simply makes a conclusory statement of retaliation. In response, Mowery filed an affidavit indicating that he issued the disciplinary report as a result of threats made by Green against a prison officer in violation of the Department of Correction rules. Green did not provide any evidence to dispute this conclusion.

With respect to Green's Eighth Amendment excessive heat claim, we conclude that the district court did not err in granting summary judgment to Mowery on this claim. Mowery provided evidence that Green's informal July 11 grievance contained a written threat against prison officers, for which Green was locked up for seven days in extreme conditions. However, Green did not allege

that Mowery was responsible for the selection of his cell. Nor does he dispute that Mowery was not involved in the assignment of the administrative confinement cell. Thus, without more, Green has not established a causal connection between Mowery's issuance of the DR or any subsequent actions attributable to him, and the alleged Eighth Amendment violation.

**AFFIRMED.**