[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11079

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 04, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 07-01599-CV-T-26-TGW

WILLIAM C. BROWN,

Plaintiff-Appellant,

versus

PROGRESS ENERGY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 4, 2010)

Before TJOFLAT and BARKETT, Circuit Judges, and BARZILAY,[*] Judge.

PER CURIAM:

---

[*]Honorable Judith M. Barzilay, Judge of the United States Court of International Trade, sitting by designation.

William Brown appeals an adverse summary judgment in favor of his employer, Progress Energy ("Progress"), on Brown's claims that he was subjected to a racially hostile work environment and denied training in violation of 42 U.S.C. § 1981 and the Thirteenth Amendment to the United States Constitution.[1] Brown argues that he has presented a genuine issue of material fact as to whether he was subject to a racially hostile work environment during his 2002-2006 apprenticeship as a lineman at Progress. He further contends that the district court erred as a matter of law in holding that, absent proof of a denial of promotional opportunities, he cannot establish that Progress's failure to train him constituted an adverse employment action. Finally, Brown challenges the district court's conclusion that Progress was not vicariously liable for the hostile work environment or failure to train.[2]

---

[1] Section 1981 protects an individual's right to be free from racial discrimination in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." We analyze employment discrimination cases brought pursuant to § 1981 using the same substantive analysis as those brought pursuant to Title VII of the Civil Rights Act of 1964. Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998).

[2] We review de novo a district court's grant of summary judgment, applying the same legal standards as the district court. See Whatley v. CNA Ins. Cos., 189 F.3d 1310, 1313 (11th Cir. 1999). Under Federal Rule of Civil Procedure 56(c):

[s]ummary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.

We have reviewed the entire record and conclude that Brown's hostile work environment claim is based on his subjective perception and speculation rather than on specific facts from which a reasonable jury could find that he was subjected to a discriminatorily hostile work environment because of his race.

Likewise, insufficient facts were presented with respect to Brown's failure to train claim. Although a failure to train claim is not necessarily dependent on a showing of an additional adverse employment action, the evidence presented here is insufficiently concrete to establish as a matter of fact that Brown was actually denied otherwise available training, because of his race, over the course of his apprenticeship. Rather, it is undisputed that the senior lineman about whom Brown complains was notoriously reluctant to provide training to any of the apprentices in his crew, a source of frustration to white apprentices as well.[3]

**AFFIRMED.**

---

The mere existence of some factual dispute will not defeat summary judgment unless that dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor. Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citation omitted).

[3] Because we have concluded that Brown has not presented a genuine issue of material fact as to his hostile work environment and failure to train claims, we do not reach the district court's alternate conclusion that Progress cannot be held vicariously liable for the alleged violations.