[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16279
Non-Argument Calendar

_____

D.C. Docket No. 0:12-cv-60423-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FOTIOS GKANIOS,
a.k.a. Frank Gkanios,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 4, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

The United States initiated a civil action to revoke Fotios Gkanio's naturalized citizenship. The government gave four reasons for revoking Gkanios's naturalization. Only one ground is relevant here: that Gkanios lacked the good moral character required to naturalize because he committed unlawful acts that adversely reflected on his moral character, specifically the rape and sodomy of his underage stepdaughter. In a single order, the district court denied Gkanios's motion to dismiss and granted the government's motion for summary judgment. It is from this order that Gkanios appeals.

## I.

Fotios Gkanios was born in Greece. He moved to the United States in 1971 and married Marie De Simone in New York in 1978. At the time of their marriage, De Simone had two children from a previous relationship, including a daughter.

On March 15, 1991, Gkanios was indicted for raping and sexually abusing De Simone's daughter, who was less than seventeen years old at the time. The indictment alleged that the crimes occurred between July and August 1987 and again between October and November 1987. A jury convicted Gkanios of one count of third-degree rape. Gkanios was sentenced, he appealed, and his convictions and sentence were affirmed.

On June 26, 1991, Gkanios was indicted in a separate case for raping and sodomizing De Simone's daughter, when she was less than fourteen years old. The

2

acts in this case were alleged to have occurred on July 6, July 7, and September 8, 1986.  On April 14, 1992, Gkanios pleaded guilty to first and second degree rape and first and second degree sodomy, admitting the allegations in open court.  He was sentenced, he appealed, and his convictions and sentence were affirmed.

Prior to these convictions, on August 25, 1988, Gkanios filed a Form N-400, Application to File Petition for Naturalization.  Gkanios did not disclose any of the sexual crimes for which he was later convicted and imprisoned on either the N-400 form, or during his interview with an Immigration and Naturalization Service officer.  In addition, as part of the naturalization process, Gkanios signed a Petition for Naturalization in the Putnam County Court, in which he represented that he had been "during all the periods required by law, a person of good moral character." On June 2, 1989, Gkanios became a naturalized citizen.

On March 7, 2012, the United States brought this denaturalization action. Gkanios soon filed the Motion to Dismiss at issue in this appeal, arguing that due process barred the government's claims because of the twenty-year delay between his criminal convictions and the filing of the denaturalization action.  The government filed a Motion for Summary Judgment, arguing that the record evidence conclusively proves the alleged grounds for revoking Gkanios's naturalization.

3

The district court denied Gkanios's motion to dismiss because Gkanios had not shown any prejudice caused by the delay.  The district court also concluded that the government was "clearly entitled to summary judgment" on one of the alleged grounds for revoking naturalization—"that Gkanios illegally procured his citizenship because he lacked the good moral character required to naturalize, having committed unlawful acts that adversely reflected on his moral character." There was clear evidence that Gkanios had raped and sodomized his step-daughter during the relevant statutory period and these unlawful acts adversely reflected on his moral character.

Gkanios appeals both the district court's denial of his motion to dismiss and grant of the government's motion for summary judgment.

## II.

For a clearer resolution of the issues, we turn first to the district court's grant of the government's motion for summary judgment.  After careful consideration, and for the reasons outlined below, we affirm.[1]

In a denaturalization proceeding, the government must prove by "clear, unequivocal, and convincing evidence" that "citizenship was illegally procured."

---

[1] We review <u>de novo</u> the district court's grant of summary judgment, applying the same legal standards as did the District Court.  <u>Whatley v. CNA Ins. Cos.</u>, 189 F.3d 1310, 1313 (11th Cir. 1999).  Summary judgment is only appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. <u>Id.</u>; Fed. R. Civ. P. 56(a).  "In making this determination, we view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." <u>Whatley</u>, 180 F.3d at 1313.

4

United States v. Jean-Baptiste, 395 F.3d 1190, 1192 (11th Cir. 2005).  Citizenship is "illegally procured" if "some statutory requirement which is a condition precedent to naturalization is absent at the time the petition is granted."  United States v. Koziy, 728 F.2d 1314, 1318 (11th Cir. 1984) (quotation marks omitted).

One of these requirements is that the applicant be "a person of good moral character" throughout the statutory period.  8 U.S.C. § 1427(a); 8 C.F.R. § 316.10.  The statutory period for individuals such as Gkanios who seek naturalization based on marriage to a United States citizen, is three years prior to filing a naturalization application until the time he or she is granted citizenship.  See 8 U.S.C. § 1430(a); 8 C.F.R. § 319.1.  An applicant is not a person of good moral character if, during the statutory period and absent extenuating circumstances, "the applicant . . . [c]omitted unlawful acts that adversely reflect upon the applicant's moral character."  8 C.F.R. § 316.10(b)(3)(iii).  An applicant can violate this provision by committing such an unlawful act during the statutory period, even if he is only convicted after he is naturalized.  See Jean-Baptiste, 395 F.3d at 1194.

The evidence is clear that Gkanios committed an unlawful act that adversely reflected on his moral character during the statutory period.  The relevant statutory period runs from August 1985 (three years prior to the date Gkanios filed his naturalization application) to June 1989 (the date Gkanios became a citizen).  See 8 U.S.C. § 1430(a); 8 C.F.R. § 319.1.  Gkanios pleaded guilty to, and has been found

5

guilty by a jury of, raping and sodomizing his underage step-daughter during the statutory period. The fact that Gkanios was only convicted of these crimes after he became a citizen is of no matter. See Jean-Baptiste, 395 F.3d at 1194. Of course, Gkanios does not, and cannot, contest that these were unlawful acts that reflect poorly on his moral character. See Ashcroft v. Free Speech Coalition, 535 U.S. 234, 244, 122 S. Ct. 1389, 1399 (2002) ("The sexual abuse of a child is . . . an act repugnant to the moral instincts of a decent people."). Further, Gkanios has not established any extenuating circumstances.

Gkanios's only argument, both before the district court and on appeal, is that there are disputed facts about whether he is "innocent of any criminal charges." However, "[c]ollateral estoppel bars a defendant who is convicted in a criminal trial from contesting this conviction in a subsequent civil action with respect to issues necessarily decided in the criminal trial." Jean-Baptiste, 395 F.3d at 1194; see also Taylor v. United States, 396 F.3d 1322, 1330 (11th Cir. 2005).

Thus, the government has met its high burden on summary judgment of showing that citizenship was illegally procured.

### III.

Gkanios also argues that the district court erred in denying his motion to dismiss the government's petition for denaturalization because the government violated his due process rights by waiting twenty years to start the denaturalization

against him.  After careful consideration, and for the reasons outlined below, we affirm.[2]

In order to establish a due process violation, Gkanios must show that he was deprived of a constitutionally protected liberty interest and that he suffered substantial prejudice.  Lonyem, 352 F.3d at 1341–42.  Gkanios alleges that he suffered prejudice as a result of the delay because two witnesses were not available to testify in his denaturalization proceedings: his criminal defense attorney who represented him when he pleaded guilty and the immigration officer who conducted his naturalization interview.

Denaturalization, "even after the lapse of many years, is not so unreasonable as to constitute a denial of due process."  Costello v. United States, 365 U.S. 265, 284, 81 S. Ct. 534, 544 (1961); see also id. at 266, 281–84, 81 S. Ct. at 535, 542–44 (holding that a twenty-seven year delay in bringing denaturalization proceedings did not violate due process).

Further, Gkanios has not shown prejudice in his case.  First, any potential testimony from his criminal defense attorney is irrelevant because it would relate to the circumstances surrounding the entry of his guilty plea.  As discussed above, Gkanios is collaterally estopped from raising a challenge to this state court

---

[2] "We review de novo a district court's denial of a motion to dismiss."  Akanthos Capital Mgmt., LLC v. Compucredit Holdings Corp., 677 F.3d 1286, 1293 (11th Cir. 2012).  We also review constitutional claims de novo.  Lonyem v. U.S Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003).

7

conviction.  See Jean-Baptiste, 395 F.3d at 1194.[3]  Second, any potential testimony

from the immigration officer is irrelevant because it would not relate to the ground

for denaturalization that the district court relied upon.[4]

Therefore, the district court did not err in denying Gkanios's motion to

dismiss.

IV.

For these reasons we **AFFIRM.**

---

[3] Gkanios also seems to assert that his criminal defense attorney's testimony would have been relevant to raise an issue under Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473 (2010). However, Padilla has no effect on Gkanios's plea, which took place years prior to Padilla.  See Chaidez v. United States, ___ U.S. ___, ___, 133 S. Ct. 1103, 1107–08 (2013).

[4] Gkanios also makes a laches argument on appeal.  Even were we to assume that laches applies in a denaturalization proceeding, Gkanios's motion to dismiss would still fail because he would nevertheless have to prove that the delay prejudiced him in asserting his defense.  See Costello, 365 U.S. at 282, 81 S. Ct. at 543.  Again, Gkanios has not carried his burden as to prejudice.