[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15414

_____

D.C. Docket No. 8:12-cv-02928-RAL-EAJ

CULBREATH ISLES PROPERTY OWNERS ASSOCIATION, INC.,
ORLINE M. SIDMAN,
FLORIDA POLICYHOLDERS, LLC,

Plaintiffs-Appellants,

versus

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(March 5, 2015)

Before WILLIAM PRYOR and JORDAN, Circuit Judges, and WALTER,[*] District Judge.

WALTER, District Judge:

This appeal follows the district court's grant of summary judgment in favor of Defendant-Appellee Travelers Casualty & Surety Company of America ("Travelers"). On cross-motions for summary judgment, the question before the district court was whether an insurance policy issued by Travelers to Plaintiff-Appellant Culbreath Isles Property Owners Association, Inc. ("Culbreath") indemnified Culbreath for its liability for attorney's fees incurred by, and awarded to, individuals who Culbreath unsuccessfully sued. This Court is asked the same question on appeal. Following a review of the record and with the benefit of oral argument, we REVERSE the district court and REMAND for further proceedings consistent with this opinion.

## I.    BACKGROUND

### a. The Policy

The relevant insurance policy was a Non-Profit Management and Organization Liability Policy ("the Policy") issued by Travelers to Culbreath for the period of February 20, 2009 to February 20, 2010. In pertinent part, the Policy

---

[*] Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

provides "Liability Coverage" such that:

> [t]he Insurer will pay on behalf of the Insureds Loss up to the available maximum aggregate Limit of Liability set forth in item three of the Declarations which is incurred by the Insureds as the result of any Claim first made against the Insureds during the Policy Period or the Discovery Period, if purchased, for a Wrongful Act.

The Policy also defines the following terms:

A "Wrongful Act" is:

> any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed or attempted, or allegedly committed or attempted, by the Insured Organization or by one or more Insured Persons, individually or collectively, in their respective capacities as such, including but not limited to any Wrongful Employment Practices.

"Claim" (as defined by the Policy and modified by the Endorsement) means:

> 1)      a written demand for monetary or non-monetary relief;
> 2)      a civil proceeding commenced by the service of a complaint or similar pleading;
> 3)      a criminal proceeding commenced by a return of an indictment; or
> 4)      a formal administrative or regulatory proceeding commenced by the  filing of a notice of charges, formal investigative order or similar document,
> against an Insured for a Wrongful Act, including an appeal therefrom.

And, finally, the Policy defines "Loss" as:

> the total amount . . . which any Insured becomes legally obligated to pay as the result of all Claims first made against any Insured during the Policy Period for Wrongful Acts including, but limited to, damages (including punitive or exemplary damages where insurable under applicable law), judgments, settlements and Defense Costs . . . .

3

**b. Facts**

The relevant facts are not in dispute, and the parties agreed at the district court level that this matter was ripe for resolution through summary judgment proceedings.

Culbreath functions as a homeowners' association. In October 2008, Culbreath filed two separate lawsuits in Florida's Thirteenth Judicial Circuit Court against property owners, Phyllis Kirkwood and Nancy and Richard Lewis, alleging violations of Culbreath's bylaws. Culbreath initiated both lawsuits pursuant to section 720.305, Florida Statutes, which contains a "prevailing party" attorney's fee provision.[1] Culbreath was unsuccessful in each of the lawsuits, which resulted in fee judgments against Culbreath for the amount of fees incurred by the homeowners in defending the lawsuits. Pursuant to the Policy, Culbreath sought coverage for its liability for the fee judgments, which Travelers denied.

---

[1] Chapter 720 of Florida Statutes governs actions at law and/or in equity to redress alleged failures or refusals to comply with the provisions of Chapter 720 or the governing documents of the community, whether the action is brought by the association or by any member against those listed in section 720.305(1)(a)-(d). That section further provides that "[t]he prevailing party in any such litigation is entitled to recover reasonable attorney's fees and costs." Fla. Stat. § 720.305(1).

4

## II.    STANDARD OF REVIEW

"This Court reviews the granting of summary judgment de novo, applying the same legal standards which bound the district court." Whatley v. CNA Ins. Companies, 189 F.3d 1310, 1313 (11th Cir. 1999). Because federal jurisdiction over this matter is based on diversity, Florida law governs the determination of the issues on appeal. Davis v. National Medical Enterprises, Inc., 253 F.3d 1314, 1319 n. 6 (11th Cir. 2001). In insurance coverage cases under Florida law, courts look at the insurance policy "as a whole and give every provision its full meaning and operative effect." Hyman v. Nationwide Mut. Fire Ins. Co., 304 F.3d 1179, 1186 (11th Cir. 2002) (citing Dahl–Eimers v. Mutual of Omaha Life Ins. Co., 986 F.2d 1379, 1381 (11th Cir. 1993) and Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938, 941 (Fla. 1979)).

## III.    DISCUSSION

Appellants are Culbreath, Orline M. Sidman, and Florida Policyholders, LLC.[2] For purposes of this appeal, the appellants' positions are in alignment; therefore, for ease of discussion, we will hereinafter refer only to Culbreath as

---

[2] Sidman is the personal representative of the estate of Phyllis Kirkwood. Florida Policyholders, LLC was formed by Kirkwood's former lawyers, two principals of the law firm Buell & Elligett, P.A., who represented Kirkwood in the lawsuit brought against Kirkwood by Culbreath. Once the Kirkwood fee judgment was issued against Culbreath, Culbreath assigned its rights against Travelers to Kirkwood and her lawyers, Buell & Elligett, P.A. The lawyers, in turn, assigned their rights against Travelers to Florida Policyholders, LLC.

5

representative of all appellants.

In Florida, insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties. Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 34 (Fla. 2000). It is undisputed that the Policy at issue was broadly drafted, specifically in its definitions of the terms "wrongful act" and "loss." Indeed, counsel for Travelers specifically conceded at oral argument that the definition of "wrongful act" was broadly drafted. Culbreath contends that the underlying suits filed by Culbreath were wrongful acts committed *by* Culbreath, the insured; those wrongful acts led to the homeowners' claims for attorneys' fees and costs *against* the insured; and those claims led to losses - the fee and cost judgments - which should be covered under the plain language of the Policy. Travelers' representative Melissa Morin admitted that the lawsuits brought by Culbreath against the homeowners were "wrongful acts" under the Policy. Although Travelers likely never intended to provide the type of coverage sought by Culbreath, Culbreath is correct that both the plain language of the Policy and Travelers' admissions require that conclusion.

In this case, the loss at issue arose from the homeowners' liability for the attorneys' fees incurred in defending the unsuccessful lawsuits brought by Culbreath. The language of the Policy provides liability coverage "on behalf of the

6

Insureds Loss . . . which is incurred by the Insureds as the result of any Claim first made against the Insureds during the Policy Period . . . for a Wrongful Act." A wrongful act is defined by the Policy as "any error, misstatement, misleading statement, act, omission, neglect, or breach of duty" committed by any insured party. The plain language of the Policy was drafted broadly, thereby allowing each of the instant lawsuits to qualify as "any error . . . or act" of the insured. As mentioned, Travelers' representative Melissa Morin admitted that the lawsuits brought by Culbreath were, in fact, "wrongful acts" under the Policy. Once Travelers conceded this point, it could no longer form a plausible argument that the fee judgments at issue were not covered under the Policy. A claim, as defined by the Policy and endorsement thereto, includes "a written demand for monetary or non-monetary relief . . . against an Insured for a Wrongful Act[.]" Clearly, a plain reading of the Policy mandates inclusion of the fee judgments as written demands for monetary relief. Again, Morin stipulated that such claims had been made against Culbreath as a result of the lawsuits initiated by Culbreath. And, finally, the Policy's broad definition of loss is satisfied by Culbreath's legal obligation to pay the homeowners' attorneys' fees as a result of Culbreath's decision to pursue lawsuits against the homeowners under section 720.305. Accordingly, based on Travelers' admission that Culbreath's lawsuits against the homeowners qualified as

7

wrongful acts under the Policy, we find that the losses attributable thereto must be covered under the Policy.

## IV.    CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's judgment in favor of Travelers and **REMAND** for further proceedings consistent with this opinion.