[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12257
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cv-80213-KAM


MT. HAWLEY INSURANCE COMPANY,

                              Plaintiff - Counter Defendant - Appellant,

versus

ARTHUR R. ROEBUCK, III,
PATRICIA R. SWINDLE,
Trustee, d.b.a. Jupiter West Plaza,
SCRIBE ENTERPRISES, INC.,
d.b.a. Jupiter West Plaza,
RIVIERA TRADING AND MARKETING, INC.,
d.b.a. Jupiter West Plaza,

                              Defendants - Counter Claimants - Appellees,


LESLIE J. FRYE, II,

                              Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 12, 2020)

Before ED CARNES, Chief Judge, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Mt. Hawley Insurance Company appeals the district court's grant of partial summary judgment to Arthur Roebuck, Patricia Swindle, Scribe Enterprises, Inc., and Riviera Trading and Marketing, Inc.  Mt. Hawley provided all of them with an insurance policy on a shopping center that they jointly owned.  After the insureds were sued by a man who was stabbed in the parking lot of their shopping center, Mt. Hawley initiated this declaratory action asking the district court to hold that it did not have to defend or indemnify them in the underlying lawsuit.  Mt. Hawley and the insureds filed cross-motions for summary judgment.

Mt. Hawley argues that it had no duty to defend because the underlying claims fall under an endorsement to the policy, and the endorsement requires the insureds to meet conditions precedent to receive coverage.  Because it is undisputed that they did not meet the conditions precedent, Mt. Hawley argues, it owes no duty to defend.  The defendants argue that the endorsement does not apply.

2

The district court found that, under Florida law,[1] a duty to defend "depends solely on the facts and legal theories alleged in the pleadings and claims against the insured." Dist. Ct. Order at 18 (April 12, 2019) (quoting Stephens v. Mid-Continent Cas. Co., 749 F.3d 1318, 1323 (11th Cir. 2014)). And it found that "an insurer is obligated to defend a claim even if it is uncertain whether coverage exists under the policy." Id. Finally, the court found that it was unclear from the underlying complaint — that is, the complaint that the man who was stabbed made against the insureds — whether those claims triggered the endorsement requiring the conditions precedent, which would mean coverage did not exist, or whether the claims fell under the regular personal injury policy, which would mean coverage did exist. Because it was uncertain whether coverage existed under the policy, the court granted the insured's motion for partial summary judgment and held that Mt. Hawley had a continuing duty to defend.[2]

Mt. Hawley appeals, asserting the same arguments that it did below. After a de novo review, see Whatley v. CNA Ins. Cos., 189 F.3d 1310, 1313 (11th Cir. 1999), we agree with the district court that it is unclear whether, based on the facts

_____

[1] It is undisputed that Florida law controls.

[2] The district court also found that it would be premature to decide whether Mt. Hawley had a duty to indemnify the insureds until after the underlying claims were finally resolved. It ordered the case closed for administrative purposes and instructed the parties to move to reopen the case "when the issue of a duty to indemnify becomes ripe." Mt. Hawley does not contest that part of the decision.

3

alleged in the underlying complaint, coverage exists.  We therefore affirm based on the well-reasoned opinion of the district court.

**AFFIRMED.**