[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 25, 2006
THOMAS K. KAHN
CLERK

No. 05-11603
Non-Argument Calendar

_____

D. C. Docket No. 03-01154-CV-JOF-1

NORRIS ANDERSON, JR.,

Plaintiff-Appellant,

versus

GEORGIA STATE PARDONS AND PAROLE BOARD,
CHAIRMAN WALTER RAY,
MR. COLLIN,
REGINA HENDERSON,
Parole Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 25, 2006)**

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Norris Anderson, Jr. appeals the district court's denial of his motions for default judgment and for appointment of counsel, the court's dismissal of some of his claims, and the court's grant of the defendants's motion for summary judgment. For the reasons that follow, we affirm.

I. Background

In July 2000, after serving more than twenty years in prison, Anderson was released on parole. On January 30, 2001, the Board obtained an arrest warrant for Anderson on suspicion that he violated the terms of his release. After Anderson was arrested, he refused to waive his right to a preliminary or final hearing. The arrest warrant was withdrawn in March, but Anderson was not released from prison until May 3, 2001 when he was placed in a drug program. In July 2001, Anderson again was arrested for parole violations. He admitted the violations and waived his right to a final hearing. His parole was revoked and he served a term of imprisonment. He was released on parole in May 2002, was re-arrested for parole violations in November 2002, and he is currently serving a term of imprisonment.

In 2003, Anderson filed an amended § 1983 complaint against the Georgia State Board of Pardons & Paroles ("the Board") and former Board Chairman Walter Ray (collectively "the defendants" or "the appellees"), former parole supervisor Mr. Collins, and former parole officer Regina Henderson, naming each

defendant in his or her official and individual capacities. Anderson alleged that the defendants violated due process when he was denied a preliminary or final hearing before the revocation of his parole after his January 2001 arrest on a parole violation. He also alleged that he was falsely imprisoned, that the defendants failed to perform their legal duties, and that the defendants retaliated against him by changing his parole date in response to a lawsuit he filed against Board members.

The district court conducted the required screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915, and dismissed the negligence claim, but permitted the remaining claims to proceed.

The defendants filed their answer. In answers to interrogatories, the defendants admitted that Anderson had not received a preliminary or final hearing between his arrest and release in 2001, and that he had not waived his right to these hearings. Anderson moved for default judgment because Collins and Henderson had failed to answer the complaint, and he requested appointment of counsel. Anderson then moved for summary judgment and the defendants filed a cross-motion for summary judgment. Anderson replied to the defendants's summary judgment motion, reiterating his claims, denying the charges that lead to his arrest and detention in 2001, and asserting that the defendants's actions violated the

3

Thirteenth Amendment's prohibition against servitude and the Eighth

Amendment's prohibition on cruel and unusual punishment. Anderson then

renewed his motion for default judgment.

The district court granted the defendants's motion for summary judgment

and denied Anderson's motions for summary judgment and appointment of

counsel. The court assumed that a due process violation had occurred, but found

that there was no prejudice because Anderson received the only remedy to which

he was entitled - i.e., the court had quashed the warrant. The court then determined

that the false imprisonment claim would fail because there was no due process

violation. The court further rejected the retaliation and equal protection claim

because it found that Anderson had raised the issues for the first time in his reply

brief. Nevertheless, the court determined that the claims failed on the merits

because there was no evidence that Anderson was treated improperly under the

system. Finally, the court denied the motions for default judgment because the

only claims against Collins and Henderson were the due process and false

imprisonment claims, which lacked merit.

Anderson moved to amend judgment under Fed.R.Civ.P. 59(e). After

reconsidering the claims about the calculations of release, the court denied the

motion to amend judgment. Anderson now appeals, raising three issues:

4

(1) Whether the district court abused its discretion by denying his motion for default judgment; (2) Whether the district court abused its discretion by denying his motion for counsel; and (3) Whether the district court improperly dismissed his claims and granted summary judgment in favor of the defendants.

II. The Appeal

A. Default Judgment

The district court's denial of a motion for a default judgment is reviewed for abuse of discretion. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002). The entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Id. at 1316-17; Fed.R.Civ.P. 55(a). Because the entry of a default judgment is a drastic remedy, it is to be used sparingly and only in extreme conditions. Id.

We conclude that the district court did not abuse its discretion. According to the record, Henderson and Collins did not receive service of process. Therefore, default judgment was not proper.

B. Appointment of Counsel

We review the denial of a plaintiff's motion for appointment of counsel for

5

abuse of discretion.  Bass v. Perrin, 170 F.3d 1312, 1319 (11th Cir. 1999).  A

plaintiff in a civil case has no constitutional right to counsel.  Id.  The district court

has broad discretion in making this decision, Killian v. Holt, 166 F.3d 1156, 1157

(11th Cir. 1999), and should appoint counsel only in exceptional circumstances,

Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992).

Here, the district court did not abuse its discretion.  The legal issues involved

in Anderson's case are not so novel or complex as to require counsel.  Moreover,

Anderson's conduct throughout the litigation demonstrated his familiarity with the

law and the ability to present his arguments.

C. Summary Judgment and Dismissal[1]

We review de novo a dismissal under § 1915A(b) for failure to state a claim.

Leal v. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001).  A  pro se complaint

"should not be dismissed for failure to state a claim unless it appears beyond a

doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief."  Hughes v. Rowe, 449 U.S. 5, 10, 101 S.Ct. 173, 174,

---

[1] As an initial matter, summary judgment was proper for those claims against the Board and the defendants in their official capacities, as those claims are barred by Eleventh Amendment immunity.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-102, 104 S.Ct. 900, 906-09, 79 L.Ed.2d 67 (1984); Shands Teaching Hosp. & Clinics, Inc. v. Beach St. Corp., 208 F.3d 1308, 1311 (11th Cir. 2000).  Anderson also made vague allegations that his Thirteenth Amendment right was violated by involuntary servitude and that the defendants engaged in a conspiracy to deprive him of his rights.  On appeal, he does not raise these issues, and, therefore they have been abandoned.  Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

6

66 L.Ed.2d 163 (1980).  We also review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion.  Skrtich v. Thorton, 280 F.3d 1295, 1299 (11th Cir. 2002).

To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988).

### 1. Negligence

To the extent that Anderson raises a negligence claim for the individual defendants's failure to perform their duties, that claim has no merit.  Section 1983 requires more than negligence.  Daniels v. Williams, 474 U.S. 327, 330-33, 106 S.Ct. 662, 664-66, 88 L.Ed.2d 662 (1986).  Additionally, to the extent that Anderson asserts that Ray or the Board are responsible for the actions by Henderson and Collins, § 1983 does not provide for liability under a theory of respondeat superior.[2]  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct.2018, 2036, 56 L.Ed.2d 611 (1978); Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001).

---

[2] The question remains whether the supervisors could be liable independently under § 1983. Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990).  Because the basis for the supervisors's liability in this case would require an analysis of the alleged due process violation, and Ray, as the supervisor, is a party to the instant case, this inquiry merges with the merits of the due process claim discussed more fully below.

7

## 2. Equal Protection/Eighth Amendment

The district court improperly determined that Anderson raised these issues for the first time in his reply brief; a liberal reading of his complaint clarifies that he did allege equal protection and Eighth Amendment violations in his amended complaint. Nevertheless, summary judgment was proper on these claims.[3]

First, Anderson cannot establish an equal protection violation for the manner in which the Board calculated his tentative release date or his guidelines and severity level because he offers no evidence that he was treated differently than other similarly situated inmates. See Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001); Fuller v. Georgia State Bd. of Pardons & Paroles, 851 F.2d 1307, 1310 (11th Cir. 1988). Second, because Anderson did not allege that he was mistreated in prison or that the prison conditions offend society's notions of decency, he has not stated an Eighth Amendment claim. Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). To the extent that he complains of his treatment while under arrest, the proper avenue of relief is pursuant to Fourteenth Amendment's due process protections.[4] Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1539 n.3 (11th Cir. 1994) (en banc).

---

[3] This court may affirm on any adequate grounds even if those grounds differ from the district court's. Parks v. City of Warner Robins, 43 F.3d 609, 613 (11th Cir. 1995).

[4] Notably, the standards are the same as under the Eighth Amendment. Marsh v. Butler County, Ala., 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc).

Nevertheless, Anderson failed to establish that prison officials were deliberately indifferent to his needs. Because the crux of his argument pertains to officials's alleged deliberate indifference to his right to a hearing, it will be addressed in the context of his due process claim below.

### 3. Retaliation

To establish a claim for retaliation, Anderson must show, inter alia, a causal connection between his protected conduct and the harm complained of. Farrow v. West, 320 F.3d 1235, 1248-49 (11th Cir. 2003). As the record demonstrates, the alleged due process violation occurred several years before Anderson filed his suit, and, therefore, Anderson cannot establish that connection.

To the extent that Anderson asserts that his treatment under the guidelines system was in retaliation for his filing a lawsuit, Anderson has proffered no evidence to support this claim. A review of Anderson's history in the system shows that he was treated in the same manner throughout his revocation of parole proceedings. Moreover, as there is no liberty interest or right to parole, Sultenfuss v. Snow, 35 F.3d 1494, 1503 (11th Cir. 1994), Anderson cannot show that the differences in his ability to obtain parole during earlier incarcerations was a violation of his rights or was the result of his decision to file a lawsuit.

9

4. Due Process and False Imprisonment

Anderson's due process claim is limited to the denial of a preliminary hearing after his arrest for suspected parole violations. Under the Constitution, a parolee is entitled to certain due process protections before revocation of his parole, including the right to a preliminary hearing to determine whether there is probable cause to believe a violation had occurred and a final hearing to determine if revocation is appropriate. Morrissey v. Brewer, 408 U.S. 471, 484-88, 92 S.Ct. 2593, 2602-03, 33 L.Ed.2d 484 (1972).

Here, the appellees admitted that Anderson did not waive his right to a hearing and that he did not receive a hearing as required to satisfy due process concerns when he was arrested in January 2001. Thus, the only question is what remedy was appropriate. The district court determined that the only remedy to which Anderson was entitled was the quashing of the arrest warrant. Anderson contends that he was entitled to monetary damages.

This court has held that members of the parole board are entitled to quasi-judicial immunity for suits seeking monetary damages. Holmes v. Crosby, 418 F.3d 1256 (11th Cir. 2005) (applying immunity to suit by parolee who was arrested and incarcerated based on erroneous allegations of parole violations); Fuller, 851 F.2d at 1310. Therefore, although the district court did not address the issue of

10

monetary damages when it determined that Anderson had received the appropriate remedy, summary judgment was proper on the alternate ground that Ray was immune from suit for monetary damages.

Finally, because the only parties relevant to the false imprisonment claim were Henderson and Collins, and they never received service of process, we need not address whether Anderson was subject to false imprisonment.

III. Conclusion

For the foregoing reasons, we AFFIRM the district court.

11