[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14564 and No. 06-14819
Non-Argument Calendar

_____

D. C. Docket No. 05-01325-CV-T-EAJ

CHRISTOPHER A. BRIGGS,

Plaintiff-Appellant,

versus

KATHRYN A. BRIGGS,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(August 27, 2007)

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Christopher Briggs ("Christopher"), proceeding pro se, appeals the

magistrate's dismissal of his 42 U.S.C. § 1983 claim and supplemental state law

claims against his sister, Kathryn Briggs ("Kathryn"), and the award of attorney's

fees to Kathryn under Fed.R.Civ.P. 11.[1]

As an initial matter, Christopher moves to strike portions of Kathryn's brief. Because Kathryn's brief is substantially compliant with this Court's rules, the motion is **DENIED**.

Christopher argues on appeal that the magistrate erred by dismissing his complaint. He asserts that the facts from his complaint provide a sufficient basis for a finding of a 42 U.S.C. § 1983 violation.

We review de novo a district court's ruling on summary judgment, applying the same legal standards as the court below. Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). "Summary judgment is appropriate only when the evidence before the court demonstrates that 'there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.'" Id. (citation omitted). On a summary judgment motion, the record, and all reasonable inferences that can be drawn from it, must be viewed in the light most favorable to the non-moving party. Whatley v. CNA Ins. Cos., 189 F.3d 1310, 1313 (11th Cir. 1999). Nevertheless, conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000).

---

[1] The parties consented to the magistrate judge conducting all proceedings in the district court, pursuant to 28 U.S.C. § 636(c).

To succeed on 42 U.S.C. § 1983 claim, a party must establish that the offending conduct was committed by a person acting under color of state law and that the conduct deprived him of rights secured by the Constitution or laws of the United States. Fullman v. Graddick, 739 F.2d 553, 561 (11th Cir. 1984). A plaintiff claiming a conspiracy under § 1983 must make particularized allegations that a conspiracy exists. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1370 (11th Cir. 1998).

A private party can be viewed as a "state actor" for §1983 purposes "[o]nly in rare circumstances." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Under 42 U.S.C. § 1983, liability attaches only to those wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." Nat'l Collegiate Ath. Ass'n. v. Tarkanian, 488 U.S. 179, 191, 109 S.Ct. 454, 461-62, 102 L.Ed.2d 469 (1988) (citations omitted). "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of state law.'" Id. (citations omitted).

A state actor may not be held vicariously liable for its § 1983 claims arising from employee conduct, but may be held liable if the violation of the plaintiff's rights is attributable to the entity's policy or custom. Monell v. Dep't. of Social

Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035-36, 56 L. Ed. 2d 611 (1978); see also Harvey, 949 F.2d at 1129-30 (extending Monell prohibition of vicarious liability to private actors acting under color of state law).

Because Christopher failed to assert any facts or make "particularized allegations" supporting the essential elements of a 42 U.S.C. § 1983 claim, the magistrate did not err in dismissing the claim.

Christopher next argues that the magistrate erred in determining that the amount in controversy was less than $75,000. He asserts that the allegedly stolen items had a value of $81,400, and that the district court had diversity jurisdiction to adjudicate his state law claims.

We review de novo the district court's dismissal of a complaint for lack of subject-matter jurisdiction. Samco Global Arms, Inc. v. Arita, 395 F.3d 1212, 1214 n.4 (11th Cir. 2005). The magistrate's finding of lack of subject-matter jurisdiction was embodied in an order granting the defendant's motion for summary judgment. Subject-matter jurisdiction is appropriately dealt with by means of a motion to dismiss under Fed.R.Civ.P. 12(b)(1), and we will treat the district court's summary judgment ruling as if it were a ruling on a Rule 12(b)(1) motion. See Troiano v. Supervisor of Elections, 382 F.3d 1276, 1278 n.2 (2004).

Diversity jurisdiction exists if "the matter in controversy exceeds the sum or

4

value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). A plaintiff's case will only be dismissed for failing to meet the jurisdictional minimum amount in controversy if "it appears to a legal certainty the plaintiff's claim is actually for less than the jurisdictional amount." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994).

We review the district court's findings of jurisdictional facts for clear error. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999). In a factual attack on jurisdiction, such as in this case, the district court may consider matters outside the pleadings, and the presumption of truthfulness normally afforded a plaintiff under Rule 12(b)(1) does not apply. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

Because Kathryn provided reliable evidence that Christopher's assessment of the value of his allegedly stolen items was based entirely on his own unsupported valuation of them, the magistrate could find with legal certainty that the total value of the items did not approach $75,000.

Christopher also argues that the magistrate abused her discretion when she ordered Rule 11 sanctions against him. He asserts that his underlying claim was not frivolous and that his limited ability to pay should have been a consideration in the court's assessment of attorney's fees.

5

A district court's award of sanctions under Rule 11 is reviewed for abuse of discretion. Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001). Rule 11 permits imposing sanctions on an attorney, law firm, or party as the court deems appropriate. Fed.R.Civ.P. 11(c). Rule 11 sanctions are appropriate (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory with no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose. Massengale, 267 F.3d at 1301. The rule is intended to deter improper litigation techniques, such as delay and bad faith. Fed.R.Civ.P. 11, 1983 Advisory Committee notes. The sanction must be enough to deter repetition of the same conduct and may consist of monetary or non-monetary damages paid to the court or, if appropriate, to the opposing party in the form of attorneys' fees. Fed.R.Civ.P. 11(c)(2).

When the district court orders sanctions, it must describe the conduct it determined warranted sanctions. Fed.R.Civ.P. 11(c)(3); Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1295 (11th Cir. 2002).[2] Because Christopher filed a pleading

---

[2] We decline to entertain Christopher's argument that the district court erred in failing to consider his ability to pay the sanctioned amount, because the argument was raised for the first time on appeal and no exception to our usual rule is apparent. See Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994) (setting forth exception to the general rule that arguments raised for the first time on appeal will not be entertained).

that had no factual basis, and he filed the pleading for the purpose of harassing his sister as part of an ongoing family disagreement, Rule 11 sanctions were appropriate.

Accordingly, the district court magistrate's dismissal of Christopher's claims and the imposition of sanctions is **AFFIRMED**.