[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 09, 2010
JOHN LEY
CLERK

No. 09-11647
Non-Argument Calendar

_____

D. C. Docket No. 09-00014-CV-JTC-3

JAMES C. SIMPSON,

Plaintiff-Appellant,

versus

D. STEWART,
Sheriff, Spaulding County Sheriff Department,
LT. GENE WILSON,
OFFICER JOHN JETT,
OFF. JOSH OXFORD,
Griffin, Police Department,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 9, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

James Simpson, a former Georgia prisoner proceeding pro se, appeals the dismissal of his civil rights suit, which was brought pursuant to 42 U.S.C. § 1983. The district court screened and dismissed Simpson's complaint under 28 U.S.C. § 1915A, which requires the court to screen complaints in all civil actions that are filed by prisoners against government entities. On appeal, Simpson argues that: (1) the district court erred in dismissing his false arrest claim because the resulting charges against him were nolle prossed; and (2) the district court erred by dismissing his deliberate indifference claim against Sheriff D. Stewart because Sheriff Stewart was responsible for setting the policy for the treatment of prisoners. After thorough review, we affirm in part, and vacate and remand in part.

"A district court's decision to dismiss for failure to state a claim under 28 U.S.C. § 1915A is reviewed de novo, taking the allegations in the complaint as true." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006). A complaint must be dismissed if it fails to articulate enough specific facts "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X, 437 F.3d at 1110.

2

First, we agree with Simpson that the district court erred in dismissing his false arrest claim. The Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). If the plaintiff cannot show that his conviction or sentence has been invalidated, then he is barred from bringing a § 1983 claim for false arrest. See id.

Here, the district court found that Simpson's false arrest claim was barred by Heck because he failed to allege that his conviction or sentence was invalidated. But in his complaint, Simpson specifically alleged that he was charged with 41 counts of forgery as a result of his false arrest, and that all of these counts were subsequently nolle prossed. As a result, Simpson's false arrest claim is not barred by Heck, and the district court erred in dismissing the claim on this basis. Accordingly, we vacate this portion of the district court's decision and remand for further proceedings.

We are unpersuaded, however, by Simpson's claim that the district court erred by dismissing his deliberate indifference claim against Sheriff D. Stewart.

3

"[S]upervisory officials are not liable under § 1983 for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quotation omitted). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Id. (quotation and brackets omitted). "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Id. (quotation omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Id. (quotation omitted). A causal connection could also be established and supervisory liability imposed where the supervisor's improper custom or policy "results in deliberate indifference to constitutional rights." Id. (quotation omitted).

In his complaint, Simpson alleged that Sheriff Stewart was liable for the failure to provide Simpson with proper medication because Sheriff Stewart was responsible for the well-being of all the inmates in the jail. However, this is insufficient to establish Sheriff Stewart's liability because there was no allegation

4

that Sheriff Stewart was personally involved in the deliberate indifference against Simpson, and there was likewise no allegation that there existed widespread abuse that should have notified Sheriff Stewart that Simpson was not getting his proper medication.[1]  Accordingly, we affirm this portion of the district court's decision.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[1]  While Simpson argues, for the first time on appeal, that Sheriff Stewart was liable because he set the policy for how prisoners were taken care of, he does not provide any specific facts to support this argument, and there are no specific facts in the record showing that Sheriff Stewart deliberately adopted a system-wide policy that resulted in Simpson not getting his proper medications.  Thus, Simpson has not alleged any facts that would raise his deliberate indifference claim above the speculative level.  See Twombly, 550 U.S. at 555.