[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11805
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-23489-MGC


WAYNE WELLINGTON,

Plaintiff-Appellant,

versus

ROYAL CARIBBEAN CRUISES, LTD,
JENNIFER LEPERA,
NEVILLE LODEWYKS,
MARY CHAUSSEE,
LEVY,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 8, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Wayne Wellington, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action against Royal Caribbean Cruises, LTD and four of its employees.  Wellington worked as a cook for Royal Caribbean and was arrested while on duty aboard one of its vessels in November 2009.  The arresting officer, who is not a defendant in this lawsuit, directed a Royal Caribbean employee to have Wellington's onboard personal property delivered to his family.  Wellington claims that his family never received his property and that he wrote to Royal Caribbean twice requesting delivery but never received a response.

Wellington filed a pro se action under 42 U.S.C. § 1983 against Royal Caribbean, Jennifer LePera (Senior Investigator), Neville Lodewyks (Human Resources Manager), Mary Chaussee (Shipboard Human Resources Manager), and "Levy" (Chief Security Officer).  Wellington claimed that the defendants' failure to return his belongings amounted to an unlawful deprivation of property and sought the return of his belongings or compensation for them in the amount of $20,000 plus $17,000 for mental anguish.

Wellington evidently mailed a copy of his complaint to the defendants, and they moved to quash the attempted service of process as improper, arguing that some of them had received a complaint in the mail but that none of them had received a summons.  They also moved to dismiss the action, arguing that Wellington failed to allege that any of the defendants acted under color of state

2

law, a prerequisite to § 1983 liability.  Wellington responded by filing an amended complaint that largely reiterated his original allegations.  He also asked the district court to direct a United States Marshal to cure the improper service.

While the motion to quash and motion to dismiss were pending, the district court entered an "order of instructions to pro se litigants," directing Wellington to comply with the Federal Rules of Civil Procedure and the local rules on matters such as the service of papers and responses to dispositive motions.  Wellington then moved for entry of judgment against all the defendants, but still did not indicate that service had been perfected.  He also submitted to the court a series of e-mails that were sent by his attorney in his criminal case, the arresting officer, Jennifer LePera, "Levy," and Mary Chaussee.  All of those e-mails discussed the whereabouts of his belongings.

The district court then granted the defendants' motion to dismiss without ruling on the service of process issue.  The court construed Wellington's § 1983 claim as asserting a seizure of property in violation of the Fourth Amendment, but concluded that Wellington had not stated a claim for relief because he failed to sufficiently allege that the defendants acted under color of state law.  Having dismissed the § 1983 claim, the court also concluded that it lacked diversity subject matter jurisdiction under 28 U.S.C. § 1332 because Wellington had not pleaded an

3

amount in controversy exceeding $75,000.  This is Wellington's appeal of the district court's dismissal of his complaint.[1]

## I.

Wellington contends that the district court erred in dismissing his complaint for failure to state a claim.  We review de novo the district court's grant of a motion to dismiss for failure to state a claim, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004).  In reviewing a motion to dismiss, courts must determine whether the pleadings contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quotation marks omitted).  A claim is facially plausible when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  We liberally construe a pro se litigant's pleadings.  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

---

[1] The defendants have challenged Wellington's appeal as untimely under Fed. R. App. P. 4(a)(1)(A), which requires that the notice of appeal be filed "within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  For purposes of that rule, "entry of the judgment or order" is defined as the earlier of:  (1) the date the judgment is set forth in a separate document, as required under Fed. R. Civ. P. 58(a) in this case, or (2) 150 days after entry of the order.  Fed. R. App. P. 4(a)(7)(A)(ii).  The district court did not enter a separate judgment in this case as required by Rule 58(a), so the appeal period remained open for 150 days following entry of the order.  Wellington's notice of appeal, filed 59 days after entry of the district court's dismissal order, was therefore timely.

4

"To prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998).  Private actors may be deemed to have acted under color of state law, but "[o]nly in rare circumstances." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  We use three distinct tests for determining whether a private party acted under color of state law:  (1) the public function test, (2) the state compulsion test, (3) the nexus/joint action test.  Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003).

All of the defendants in this case were undisputedly private actors. Wellington's only allegation connecting their conduct to state action was his contention that the arresting officer, who is not even a defendant in this case, instructed a Royal Caribbean employee to have his property sent to his family. Even assuming that the officer was a State actor, Wellington's allegation, taken as true, is insufficient to show state action under any of the three tests.

First, under the public function test, state action is shown "only when private actors are given powers (or perform functions) that are traditionally the exclusive prerogative of the State." Harvey, 949 F.2d at 1131 (quotation marks omitted).  The Supreme Court has observed that very few activities fall within this

5

category, which includes activities like conducting elections and performing necessary municipal functions.  Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 158–59, 98 S.Ct. 1729, 1734–35 (1978).  Being instructed by an officer to return a person's personal property obviously does not fall within that limited category, as it is not an activity that is the exclusive prerogative of the State.

Second, Wellington cannot show state action under the state compulsion test, which applies to situations where the government "coerced" or "significantly encouraged" the alleged unconstitutional actions.  Focus on the Family, 344 F.3d at 1277.  According to the complaint, the arresting officer did not "coerce" or "significantly encourage" the defendants to retain Wellington's property, which is the alleged unconstitutional action in this case.  Instead, he did just the opposite— he told the Royal Caribbean employee to send the property to Wellington's family.

Third, Wellington's allegation is also insufficient to satisfy the nexus/joint action test, which applies where the State and the private party were joint participants in a common enterprise.  Id.  To satisfy that test, the State and private actor must be "intertwined in a symbiotic relationship."  NBC, Inc. v. Commc'ns Workers of Am., 860 F.2d 1022, 1027 (11th Cir. 1988) (quotation marks omitted).  Wellington alleges only that the arresting officer told a Royal Caribbean employee to have his property sent to his family.  Even assuming that the officer was a State actor, Wellington's allegation, taken as true, shows only a one-time contact

6

between the State and an employee of one of the defendants.  We cannot infer intertwinement and a symbiotic relationship between the State and the defendants based only on that one-time contact.

Wellington points to a series of emails between the arresting officer and several of the individual defendants that, according to Wellington, show that the defendants were "joint participants" with the government.  As an initial matter, the district court did not consider those e-mails in ruling on the defendants' motion to dismiss because they were outside the complaint, and we should not consider them either.  See Garcia v. Copenhaver, Bell & Assoc., 104 F.3d 1256, 1266 n.11 (11th Cir. 1997) (noting that if a district court considers matters outside the complaint, "the 12(b)(6) motion to dismiss converts into a motion for summary judgment"). But even if the e-mails were considered, they do not show any joint participation between the government and the defendants because the e-mails contain only inquiries and status updates about the location of Wellington's belongings. Because Wellington did not adequately allege that the private defendants in this case were acting under color of state law, the district court did not err in dismissing his complaint for failure to state a claim.

## II.

Wellington also contends that the district court erred in concluding that it did not have diversity subject matter jurisdiction.   For a federal court to have diversity

7

jurisdiction, all parties must be completely diverse, and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.  A plaintiff may satisfy the amount in controversy requirement "by claiming a sufficient sum in good faith."  Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).  On the face of his complaint, Wellington sought a total of $37,000 in damages.  That request falls well short of the more than $75,000 amount in controversy required under § 1332.[2]

**AFFIRMED.**

---

[2] Because we conclude that the district court did not err in dismissing Wellington's complaint, we do not address Wellington's argument that the United States Marshals failed to effect service of process.