Sara O'BOYLE, Plaintiff,

v.

Ric L. BRADSHAW, Sheriff of Palm Beach County, in his official capacity; Gregory Croucher, Corporal, Palm Beach County Sheriff's Office; City of Delray Beach; Kenneth Brotz, Police Officer, in his individual Capacity and official capacity as an Officer with the Delray Beach Police Department; Matt Saraceni, Police Officer, in his individual capacity and official Capacity as an Officer with the Delray Beach Police Department, and CMI, Inc., Defendants.

Case No. 12–81215–CIV.

United States District Court, S.D. Florida.

July 1, 2013.

Paul Trinley, Boca Raton, FL, Robert Scott Gershman, Gershman & Gershman, P.A., Delray Beach, FL, Alicia Monique Brightly–Trinley, Office Depot, Inc., Boca Raton, FL, for Plaintiff.

Catherine Marie Kozol, Delray Beach Police Dept., Delray Beach, FL, Harriet R. Lewis, Lewis Stroud & Deutsch PL, Boca Raton, FL, Edward George Guedes, John Joseph Quick, Weiss Serota Helfman Pastoriza Cole & Boniske, P.L., Coral Gables, FL, for Defendants.

### OMNIBUS ORDER GRANTING MOTIONS TO DISMISS

WILLIAM P. DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendant CMI, Inc.'s Motion to Dismiss Amended Complaint With Prejudice (the "CMI Motion to Dismiss") [DE 24], filed herein on March 19, 2013, and Defendants City of Delray Beach, Kenneth Brotz, and Matt Saraceni's Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6) (the "City et al. Motion to Dismiss") [DE 30], filed herein on March 26, 2013. The Court has considered the CMI Motion to Dismiss [DE 24], the City et al. Motion to Dismiss [DE 30], Plaintiff's Response to the CMI Motion to Dismiss [DE 36],[1] Plaintiff's Response to the City et al. Motion to Dismiss [DE 42], Defendant CMI Inc.'s Reply [DE 39], and Defendant City et al.'s Reply [DE 44]. The Court is otherwise fully advised in the premises.

### I. BACKGROUND

The parties to this action include Plaintiff Sara Elizabeth O'Boyle ("Plaintiff" or

---

**1.** Plaintiff filed this Response [DE 36] twenty-four (24) days after the CMI Motion to Dismiss [DE 24] was filed. Local Rule 7.1(c) provides only seventeen (17) days to file such a response. Plaintiff did not request an extension or otherwise provide an explanation for this delay. The Court could exercise its discretion to strike the response and grant the CMI Motion to Dismiss [DE 24] by default. *See* S.D. Fla. L.R. 7.1(c). Nonetheless, even though the Court has previously admonished Plaintiff for disregarding the Local Rules, *see* [DE 45 at 4–5], the Court has considered the Response [DE 36] in drafting the instant order.

"O'Boyle"), Defendant Ric L. Bradshaw ("Defendant Bradshaw"), Defendant Gregory Croucher ("Defendant Croucher"), Defendant City of Delray Beach ("Defendant City"), Defendant Kenneth Brotz ("Defendant Brotz"), Defendant Matt Saraceni ("Defendant Saraceni"), and Defendant CMI, Inc. ("Defendant CMI"). The action arises from Plaintiff's arrest and conviction for Driving Under the Influence ("DUI").

Plaintiff, in her First Amended Complaint [DE 21], alleges the following facts. On June 21, 2008, Defendant Saraceni, a police officer with the Delray Beach Police Department (the "DBPD"), conducted a traffic stop of Plaintiff after observing Plaintiff's vehicle swerving a few feet off the road onto grass for approximately 10 to 15 feet. [*Id.* ¶ 10–11]. Defendant Brotz, another police officer with the DBPD, subsequently arrived on the scene and arrested Plaintiff for Careless Driving and DUI in violation of Florida Statutes §§ 316.1925(1) and 316.193(1). [*Id.* ¶¶ 10, 17]. Defendant Brotz transported Plaintiff to the Delray Beach Mobile Breath Alcohol Testing Unit for alcohol breath testing on a machine manufactured by Defendant CMI (the "First CMI Machine"). [*Id.* ¶¶ 9, 17, 22]. The test, however, was unsuccessful because the First CMI Machine failed to complete a Control Test after three (3) consecutive attempts. [*Id.* ¶ 22].

Defendant Brotz then transported Plaintiff to a testing facility in West Palm Beach to be tested on a separate machine manufactured by Defendant CMI (the "Second CMI Machine"). [*Id.* ¶ 24]. While being transported, Plaintiff was handcuffed in the backseat of Defendant Brotz's police car. [*Id.*].

At the new testing facility, a technician, accompanied by Defendant Brotz, took two breath samples from Plaintiff. [*Id.* ¶¶ 24–27]. The test results indicated respective breach alcohol levels of .193 and .208. [*Id.*

¶ 30]. However, Defendant Brotz and the technician had not properly observed Plaintiff for 20 minutes preceding the test, as required under the Florida Administrative Code. [*Id.* ¶¶ 27–29]. Specifically, they failed to reset the 20–minute observation period after Plaintiff placed her finger and her hair in her mouth before providing breath samples. [*Id.*].

The State subsequently charged Plaintiff with DUI under two separate theories: Plaintiff's normal faculties were impaired and/or Plaintiff's breach alcohol level was greater than or equal to .08. [*Id.* ¶ 30]. A jury returned a guilty verdict on March 23, 2011. [*Id.*]. The verdict did not identify the theory under which Plaintiff was found guilty. [*Id.*].

Based on these events, Plaintiff filed her initial complaint in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County Florida (the "State Court") on June 20, 2012. On November 1, 2012, Defendants City, Brotz, and Saraceni removed the case to this Court. *See* [DE 1]. Plaintiff filed her First Amended Complaint [DE 21] on March 12, 2013, bringing the following counts pursuant to 42 U.S.C. § 1983 (" § 1983"): Count I as to Defendants Saraceni, Brotz, and City for unlawful seizure/false arrest; Count II as to Defendants Bradshaw, Croucher, and CMI for failure to institute adequate policies, procedures, and practices regarding implementing breath tests; Count III as to Defendants Bradshaw, Croucher, and CMI for failure to train the applicable employees and law enforcement officers to perform breach tests; Count IV as to Defendants Bradshaw, Croucher, CMI, City, Brotz, and Saraceni for malicious prosecution; Count V as to Defendant CMI for products liability; and Count VI as to Defendant CMI for negligence. [*Id.* ¶¶ 31–75]. On March 19, 2013, Defendant CMI filed the CMI Motion to Dismiss [DE 24]

under Federal Rule of Civil Procedure (the "Rules") 12(b)(6) for failure to state a claim upon which relief can be granted. On March 26, 2013, Defendants City,[2] Brotz, and Saraceni filed the City et al. Motion to Dismiss [DE 30] under Rule 12(b)(6) for failure to state a claim.

## II. *DISCUSSION*

### A. *Standard of Review Under Rule 12(b)(6)*

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley,* 355 U.S. at 41, 78 S.Ct. 99). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero,* 963 F.2d 332, 334–36 (11th Cir.

1992) (citing *Robertson v. Johnston,* 376 F.2d 43 (5th Cir.1967)).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements...." *Iqbal,* 129 S.Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly,* 550 U.S. at n. 8, 127 S.Ct. 1955 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)).

### B. *Analysis*

#### 1. *The CMI Motion to Dismiss*

Plaintiff—through Counts II, III, IV, V, and VI—brings various claims against Defendant CMI under 42 U.S.C. § 1983. Defendant CMI moves to dismiss those claims under Rule 12(b)(6), arguing that Plaintiff has failed to state a claim under § 1983. The Court agrees that Plaintiff has failed to state any valid claim as to Defendant CMI.

"To state a claim under § 1983, a plaintiff must allege (1) 'that the defendant has deprived him of a right secured by the Constitution and laws of the United States,' and (2) 'that the defendant acted under color of law.'" *Jallali v. Nat'l Bd. of Osteopathic Med. Exam'rs, Inc.,* No. 12–60548–CIV, 2012 WL 3151553, at *2 (S.D.Fla. Aug. 2, 2012) (quoting *Adickes v. S.H Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)); *see also Patrick v. Floyd Med. Ctr.,* 201 F.3d

---

**2.** The caption of the City et al. Motion to Dismiss [DE 30] suggests that the Motion [DE 30] was filed by the Delray Beach Police Department, rather than by Defendant City. However, the substance of the Motion [DE 30] reveals that the caption's reference to the Delray Beach Police Department is nothing more than a scrivener's error, which the Court will disregard.

1313, 1315 (11th Cir.2000). Under the color of law element, the "party charged with the deprivation must be a person who may fairly be said to be a state actor." *Patrick*, 201 F.3d at 1315 (internal quotations omitted).

■ Moreover, "[a] private party can be viewed as a 'state actor' for § 1983 purposes '[o]nly in rare circumstances.'" *Briggs v. Briggs*, 245 Fed.Appx. 934, 935 (11th Cir.2007) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992)). "'The Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test.'" *Jallali*, 2012 WL 3151553, at *3 (quoting *Harvey*, 949 F.2d at 1130).

■ Attempting to satisfy this standard, Plaintiff alleges, in relevant part, the following with respect to Defendant CMI:

[Defendant CMI] manufactures the breath testing equipment and attendant training materials used by the other Defendants in testing Plaintiff's breath alcohol content. At all relevant times herein, CMI had a duty to ensure the proper training of the other Defendants and to maintain evidence such as source codes. At all times relevant hereto, CMI acted under color of State law. CMI deprived Plaintiff of her rights, privileges and/or immunities secured by the Constitution and laws of the State of Florida and the United States. CMI contracted with Bradshaw and/or the City to provide the subject breath alcohol testing machines used in this matter. CMI and/or Bradshaw and/or the City were in such a position of interdependence that the alleged conduct constitutes a joint action. CMI not only contracted with Bradshaw and/or the City to sell the subject Intoxilizer machines, CMI also provided Bradshaw and/or the

City instructional materials concerning the training and/or use of the subject Intoxilizer machines.

. . .

Two CMI breath samples were taken and conducted in violation of Plaintiff's Fourth Amendment and Fourteenth Amendment rights.

. . .

Defendants Bradshaw, Croucher and CMI, as policy-makers, failed to institute adequate policies, procedures, and practices for the observance of the 20 minute observational period of subjects prior to the CMI breath testing used as forensic evidence in criminal cases. Defendants CMI, Bradshaw, and Croucher, failed to adequately train PBSO employees and visiting non-PBSO law enforcement officers how to properly observe subjects for 20 minutes immediately prior to breath testing.

. . .

CMI, Bradshaw and Croucher were deliberately indifferent that PBSO employees would be frequently called upon to conduct 20–minute observation periods of breath-testing subjects to ensure valid and reliable CMI breath results to be used as forensic evidence in criminal cases; would be presented with varying and subjective exercises of judgment in regard to the observation periods that training would have made less difficult and subjective; and would be subject to making wrong choices concerning the observation period thus causing the deprivation of citizens' constitutional rights. Plaintiff was deprived of her Fourth Amendment and Fourteenth Amendment constitutional rights as the result of CMI, Bradshaw and Croucher's failure to train.

. . .

Defendant's CMI, Bradshaw, City, Croucher, Brotz and Saraceni knew or should have known that the charge made against Plaintiff was false, no probable cause existed for the charge and it was taken in the absence of lawful authority.

. . .

At all times mentioned in this complaint, CMI so negligently and carelessly designed, manufactured, constructed, assembled, and sold the breath alcohol testing machines that is was dangerous and unsafe for its intended purpose and use.

. . .

CMI, in the course of its business, supplied material false information that CMI knew or should have known that these statements were untrue. Plaintiff reasonably relied to her detriment on these matters in taking the CMI breath alcohol test.

[DE 21 ¶¶ 9, 28, 38–40, 45–46, 52, 65, 72–73]. Based on this alleged conduct, Plaintiff asserts that Defendant CMI is liable under § 1983 for failure to institute adequate policies, procedures and practices; failure to train; malicious prosecution; products liability; and negligence.[3]

For two primary reasons, Plaintiff's allegations fall woefully short of stating claims under § 1983 as to Defendant CMI. First, Plaintiff has not pleaded a plausible claim that Defendant CMI's conduct deprived Plaintiff of a federally protected right. Defendant CMI's relevant actions are limited to manufacturing and selling to Defendant City the breath test machine and attendant training materials. It is not plausible that this limited conduct somehow caused the other Defendants to arrest Plaintiff, take two breath samples from Plaintiff, and participate in successfully prosecuting Plaintiff for DUI. Therefore, even if the arrest, breath samples, and/or conviction deprived Plaintiff of a federally protected right, Plaintiff has not adequately pleaded facts showing that Defendant CMI—as opposed to any other Defendants—caused that deprivation.

■ Second, even if it were plausible that Defendant CMI's conduct deprived Plaintiff of her Fourth and/or Fourteenth Amendment rights, Plaintiff fails to establish that Defendant CMI is a state actor under any of the three relevant tests.

Under the public function test, " 'state action may be found only where the plaintiff is alleging that the private entity violated his constitutional rights while exercising some power delegated to it by the State which is traditionally associated with sovereignty.' " *Jallali*, 2012 WL 3151553, at *3 (quoting *Allocco v. City of Coral Gables*, 221 F.Supp.2d 1317, 1374 (S.D.Fla. 2002), *aff'd*, 88 Fed.Appx. 380 (11th Cir. 2003)). The ability to manufacture and sell breath test machines and training materials is not a power traditionally associated with State sovereignty but delegated to Defendant CMI. Moreover, the contractual arrangements underlying Defendant CMI's provision of the breath test machines to Defendant City do not establish state action. *See, e.g., Jallali*, 2012 WL 3151553, at *4 ("As the United States Supreme Court has explained, '[a]cts of [ ] private contractors do not become acts of the government by reason of their signifi-

---

**3.** The First Amended Complaint [DE 21] is somewhat ambiguous as to whether Plaintiff is asserting is products liability and negligence claims under state law or § 1983. However, in the CMI Motion to Dismiss [DE 24], Defendant addresses those claims as if they were asserted under § 1983. In its Response [DE 36], Plaintiff does not contest that interpretation of those claims. The Court, therefore, finds that Plaintiff has conceded that it is asserting its negligence and product liability claims under § 1983.

cant or even total engagement in performing public contracts.'" (quoting *Rendell–Baker v. Kohn,* 457 U.S. 830, 841, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982))).

Under the state compulsion test, Plaintiff must allege that "the government 'coerced' or 'significantly encouraged' the alleged unconstitutional actions." *Wellington v. Royal Caribbean Cruises, Ltd.,* 511 Fed.Appx. 974, 976 (11th Cir.2013). Plaintiff has not alleged that Defendant City—or any other government entity—coerced or significantly encouraged Defendant CMI to manufacture and sell breath test machines and training materials.

Finally, the alleged conduct does not satisfy the joint action test. Under that test, "the State and private actor must be 'intertwined in a symbiotic relationship.'" *Id.* at 977 (quoting *NBC, Inc. v. Commc'ns Workers of Am.,* 860 F.2d 1022, 1027 (11th Cir.1988)). That "symbiotic relationship must involve the alleged constitutional violation." *Pena v. Messick,* No. 3:11cv604/MCR/EMT, 2011 WL 7070531, at *2 (N.D.Fla. Dec. 20, 2011). Here, Defendant CMI's limited conduct of manufacturing and selling breath test machines and training materials to Defendant City does not give rise to a symbiotic relationship. Indeed, there is no indication in the First Amended Complaint [DE 21] that Defendant CMI's contractual relationship with Defendant City continued beyond the provision of the two breath test machines. Moreover, Plaintiff's argument to the contrary—namely, that "CMI is performing actions and activities that is [sic] otherwise part of law enforcement"—is unsupported by the allegations and does not compel a finding of state action. *See* [DE 36 ¶ 21].

Thus, Plaintiff has failed to state any valid claim as to Defendant CMI. And any amendment would be futile because the requisite element of state action is lacking.[4] Accordingly, the Court will dismiss all claims as to Defendant CMI with prejudice. *See, e.g., Carson v. Wells Fargo Bank, N.A.,* No. 8:10–CV–2362–T17–EAJ, 2011 WL 2470099, at *2 (M.D.Fla. June 20, 2011) (The plaintiff's allegations "do not indicate state action, and cannot sustain a Section 1983 claim, which must be dismissed with prejudice.")

### 2. *The City et al. Motion to Dismiss*

#### a. *Count I—Unlawful Seizure, False Arrest*

Plaintiff brings a claim under § 1983 for unlawful seizure/false arrest as to Defendants Saraceni and Brotz—in their individual and official capacities—and as to Defendant City. Defendants Saraceni, Brotz, and City move to dismiss this claim under Rule 12(b)(6) for failure to state a claim. The Court finds that Plaintiff has failed to state a § 1983 claim for false arrest.

"If [a] plaintiff cannot show that his conviction or sentence has been invalidated, then he is barred from bringing a § 1983 claim for false arrest." *Simpson v. Stewart,* 386 Fed.Appx. 859, 860 (11th Cir. 2010) (citing *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)). Moreover, "[t]he existence of probable cause at the time of arrest [ ] constitutes an absolute bar to a section 1983 action for false arrest." *Myers v. Bowman,* 713 F.3d 1319, 1326 (11th Cir. 2013) (internal quotations omitted). And

---

4. Plaintiff's claims for negligence and product liability—which is rooted in an allegation of negligence—would fail even if Plaintiff could overcome the deficiencies described above. *See Anderson v. Georgia State Pardons & Parole Bd.,* 165 Fed.Appx. 726, 729 (11th Cir.

2006) ("To the extent that [Plaintiff] raises a negligence claim for the individual defendants[ ] failure to perform their duties, that claim has no merit. Section 1983 requires more than negligence.").

"an officer is entitled to qualified where that officer had *arguable* probable cause, that is where reasonable officers in the same circumstances and possessing the same knowledge as the [d]efendants could have believed that probable cause existed to arrest the plaintiff." *Davis v. Williams,* 451 F.3d 759, 762 (11th Cir.2006) (emphasis added) (internal citations and quotations omitted); *see also Garczynski v. Bradshaw,* 573 F.3d 1158, 1167 (11th Cir. 2009) ("Qualified immunity [ ] protects officers who reasonably but mistakenly conclude that probable cause is present." (internal quotations omitted)).

■ Here, Plaintiff admits that she was convicted of driving under the influence, and she has not alleged that the conviction has been invalidated. *See* [DE 21 ¶ 30]. That conviction, alone, precludes her § 1983 claim.

■ Furthermore, the factual allegations in the complaint—taken as true—establish that there was either probable cause or arguable probable cause for Plaintiff's arrest. Defendant Saraceni observed Plaintiff driving 5 miles per hour in a 25–mile–per–hour zone and drifting a few feet off the road onto the grass for a distance of 10 to 15 feet. *[Id.* ¶ 11]. After Defendant Saraceni conducted a traffic stop and approached Plaintiff's vehicle, he smelled alcohol. *[Id.* ¶ 15]. Plaintiff's breath tests later revealed alcohol levels well above the legal limit. *[Id.* ¶ 30]. These facts constitute, at a minimum, arguable probable cause for the original arrest and subsequent charges/indictment. That conclusion is bolstered by Plaintiff's eventual conviction for DUI following a jury trial. *See Tozier v. City of Temple Terrace,* No. 8:10–cv–2750–T–33EAJ, 2011 WL 3961816, at *6 (M.D.Fla. Sept. 8, 2011) ("[A] judgment of conviction is conclusive evidence of probable cause, unless the judgment was obtained by fraud, perjury,

or other corrupt means."). Moreover, Plaintiff's allegation that she was "wrongfully detained and arrested ... without probable cause," [DE 21 ¶ 33], is nothing but a conclusory statement that is insufficient to overcome a motion to dismiss under Rule 12(b)(6). *See, e.g., Hargis v. City of Orlando, Fla.,* No. 6:12–cv–723–Orl–37KRS, 2012 WL 6089715, at *5 (M.D.Fla. Dec. 7, 2012). Accordingly, Plaintiff's false arrest claim under § 1983 fails as a matter of law, and any additional amendment would be futile.

### b. Count IV—Malicious Prosecution

Plaintiff brings a claim under § 1983 for malicious prosecution as to Defendants CMI, Bradshaw, City, Croucher, Brotz, and Saraceni. This claim fails as well.

"To plead a claim for malicious prosecution under section 1983, a plaintiff must establish (1) the elements of the common law tort of malicious prosecution and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." *Anderson v. Wal–Mart Stores, Inc.,* No. 12–61047–CIV, 2013 WL 773473, at *8 (S.D.Fla. Feb. 28, 2013) (citing *Kingsland v. City of Miami,* 382 F.3d 1220, 1234 (11th Cir.2004)). The elements of malicious prosecution are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood v. Kesler,* 323 F.3d 872, 882 (11th Cir.2003).

■ Plaintiff has not alleged that the DUI prosecution terminated in Plaintiff's favor. Indeed, Plaintiff was convicted of DUI after a jury trial. [DE 21 ¶ 30]. Moreover, Plaintiff's attempt to relitigate the merits of trial through its Response, *see* [DE 42 ¶¶ 8–35], is impermissible, mis-

guided, and unpersuasive.[5] *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("[T]o permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit."). Accordingly, Plaintiff's claim for malicious prosecution as to Defendants City, Brotz, and Saraceni fails as a matter of law, and any amendment would be futile.

### III.  *CONCLUSION*

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.  The CMI Motion to Dismiss [DE 24] is hereby **GRANTED;**

2.  Defendant CMI is hereby **DISMISSED WITH PREJUDICE;**

3.  The City et al.  Motion to Dismiss [DE 30] is hereby **GRANTED;**

4.  Defendants City, Brotz, and Saraceni are hereby **DISMISSED WITH PREJUDICE;**

5.  Only Counts II, III, and IV as to Defendants Bradshaw and Croucher remain pending;  and

6.  Pursuant to the Court's previous Order [DE 45], Defendants Bradshaw and Croucher shall file their answers to the First Amended Complaint [DE 21] on or before June 28, 2013.

---

**5.**  In her response, Plaintiff states the following:

> Prior to trial, Plaintiff moved to suppress her statements due to a Miranda violation(s).  The Court denied same.... The denial of Plaintiff's suppression motion directed to the unlawful stop was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution and article I, sections 9 and 12 of the Florida Constitution.

[DE 42 ¶¶ 28–29].  A civil suit under § 1983 in federal court is not the appropriate mechanism to challenge a state court's evidentiary rulings leading to a criminal conviction.